JUAN ESTEBAN RIVERA, ETC., ET AL., Plaintiffs and Appellees, *v.* J. BATISTINI and NATIONWIDE INS. CO., Defendants and Appellants.

No. R-71-55.      Decided March 14, 1972.

*José A. Rivera Mercado, Luis R. Polo,* and *Manuel A. Baralta Massini* for appellants.

PER CURIAM: The Automobile Accident Social Protection Act, Act No. 138 of 1968, 9 L.P.R.A. §§ 2051 to 2065, provides for the payment of certain benefits in substitution of those which otherwise the victims of traffic accidents would be entitled to claim under the principle of liability for guilt or negligence. In its § 8, subsection (2), 9 L.P.R.A. § 2058 (2), said act exempts the tort-feasor from liability up to the amount of One-Thousand ($1,000) dollars for physical and mental sufferings.[1]

█ The controversy in this case boils down to determining whether the exemption of $1,000 is applied in a global manner by accident or is applied to each victim involved in the accident. In the case at bar there are three claimants, whose damages were stipulated in the amount of $500 for each one for a total of $1,500. The trial court determined that the exemption of $1,000 was totally applicable to the accident for which reason appellant was liable only for the

---

[1] Subsection 2 reads as follows:

"(2) Any person responsible, through a negligent act of his own, for damages or injuries for which benefits are provided herein, shall be exempted from the principle of liability on the basis of negligence. Said exemption shall not apply in those cases in which the loss recoverable by the victim on account of the injuries sustained exceeds:

"(a) the amount of $1,000 for physical and mental sufferings including pain, humiliation and similar damages, . . . ."

remaining $500. By virtue thereof it adjudged the amount of $133.34 for each claimant plus $150 for attorney's fees.

Appellant's contention is that the exemption of $1,000 is applied for every victim of the accident for which reason he has to pay nothing. We agree.

■ The benefits as well as the deductions established in this act have been formulated to protect specifically the victims of traffic accidents. The text of § 8 expressly refers to the victim and not the accident. In this matter it provides: "Said exemption shall not apply in those cases in which the loss recoverable by the victim on account of the injuries sustained exceeds . . . the amount of $1,000 for physical and mental sufferings. . . ." This means that if in a traffic accident there are several victims the exemption will be of $1,000 for each victim. It being so, the trial court erred in applying the exemption in a global manner instead of in an individual manner.

■ With respect to the fees, the negligence having been accepted by appellant and the damages having been stipulated, the imposition of $150 for that concept does not lie.

The judgment appealed from will be reversed.

Mr. Chief Justice Negrón Fernández took no part in this decision.